**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

---

**UNITED STATES OF AMERICA** **CASE NO. 17-cr-172**

**-vs-** **JUDGE DRELL**

**RAYMOND TRAVON KNOX (08)** **MAGISTRATE JUDGE PEREZ-MONTES**

---

# ORDER

Before the court is a motion for compassionate release (Doc. 555) filed by Raymond Travon Knox ("Knox") which the United States opposes (Doc. 564). The matter is fully briefed and ripe for consideration and determination. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

On June 29, 2017, Knox and seven codefendants were charged with various crimes pertaining to a drug conspiracy. Knox was charged in Count 1 with conspiracy to distribute fifty grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846. (Doc. 1).

On November 21, 2018, Knox entered a guilty plea to Count 1 (Doc. 353), and on March 21, 2019, he was sentenced to 200 months imprisonment with credit for time served (Doc. 436). Following his sentencing, Knox filed an appeal, which the Fifth Circuit Court of Appeals dismissed as frivolous. (Doc. 518). Most recently, he filed the instant motion for compassionate release asserting he is entitled to early release because of: (1) his youthfulness at the time he committed his prior offenses; (2) policy disagreement with methamphetamine punishment under the guidelines; and (3) his rehabilitation efforts.

## II. LAW AND ANALYSIS

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction." United States v. Chambliss, 948 F.3d 691, 692-693 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i).

"The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances. One such circumstance is when "extraordinary and compelling reasons warrant" a sentence reduction." United States v. Escajeda, 58 F. 4th 184, 186 (5th Cir. 2023). As explained recently by the Fifth Circuit:

> Under settled Fifth Circuit precedent, "extraordinary" means "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" The term "'[c]ompelling' is a participle of "compel" which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate.'" Thus prisoners have extraordinary and compelling reasons for relief "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique in the life of the prisoner.

United States v. Austin, 125 F.4th 688, 691-92 (5th Cir. 2025) (internal citations omitted).

### A. Youthful Offender

Knox first argues he is entitled to a seeks a reduction in sentence based on United States Sentencing Guideline § 5H1.1. The version of § 5H1.1 upon which he relies was enacted in 2010 and provided:

> Age (including youth) may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics are present to any unusual degree and distinguish the case from the typical cases covered by the guidelines.

USSG §5H1.1 (2010).

Effective November 1, 2024, the language "(including youth)" was deleted from §5H1.1, and then, effective November 1, 2025, the entire section was deleted. Accordingly, youth is no longer a consideration.

Even if §5H1.1 had not been deleted from the Guidelines, Knox would not have been granted compassionate release as he did not assert anything extraordinary or compelling pertaining to his youthfulness at the time of his offenses. Knox may have been 21 when he was sentenced in 2000 and 24 in 2003, but that is not out of the ordinary, nor has it ever been the basis to grant compassionate release.

**B. Policy Disagreement by U.S. District Judges with Methamphetamine Punishments**

Knox argues several United States District Courts have made downward departures from the sentencing guidelines because they believe "actual" or "pure" methamphetamine should not be punished any differently than a substance that is a mixture of methamphetamine. He contends that he too should benefit from a reduction based on the line of thinking set forth in these cases. Knox does not cite cases from either the Western District of Louisiana or Fifth Circuit Court of Appeals supporting his position. Rather, he cites non-precedential cases out of Idaho, Minnesota, Iowa, New Mexico, and Kansas. Although these cases may be considered persuasive, we do not find them so. There has not been a change in the law, so there is nothing before us which calls into question the length of his sentence. Moreover, Knox's disagreement with his sentence is improperly brought via a motion for compassionate release. See Fernandez v. United States, 608 U.S. 411 (2026).

**C. Rehabilitation**

Knox also argues he has been rehabilitated. In support he attaches several letters in support of his strong worth ethic, his plans for bettering himself once released, and his general character.

We do not doubt the sincerity of the sentiments set forth in these letters. Nonetheless, rehabilitation alone does not constitute an extraordinary and compelling reason for release. See United States v. Martinez, No 23-50418, 2024 WL 658592, at *1 (5th Cir. Feb. 16, 2024) (unreported) ("Even if [the defendant] were reformed, his rehabilitation efforts alone are not an extraordinary and compelling reason for release."); United States v. Handlon, 23-50386, 2024 WL 11787, at *1 (5th Cir. Jan. 10, 2024) (unreported) ("rehabilitation efforts alone are not extraordinary and compelling reasons for ... release."). Knox has not presented any other circumstances which show his rehabilitation efforts and his current circumstance are any more extraordinary or compelling than other prisoners in the Bureau of Prisons.

### D. 18 U.S.C. § 3553(a)

Finally, nothing before the court calls us to question our original consideration of the factors set forth in 18 U.S.C. § 3553(a). Knox has an extensive criminal history, and early release would not adequately reflect the nature of his offense, promote respect for the law, or provide a just punishment. We find that the sentence, as imposed, remains sufficient, but not greater than necessary to comply with the purposes of § 3553(a).

## III. CONCLUSION

We commend Knox on his efforts to better himself and not allow the past to define him. However, nothing before us shows that there are any extraordinary or compelling reasons warranting an early release, particularly in light of the fact he has not yet served the mandatory minimum sentence of ten years. Accordingly, it is

**ORDERED** that Knox's motion for compassionate release (Doc. 555) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 18th day of November 2026.

**DEE D. DRELL, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**